IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NOEL VINCENT THOMAS <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:22-00011-TFM-N <br> ) |
| NORTH CAROLINA MUTUAL LIFE <br> INSURANCE COMPANY et al., <br>     Defendants. | ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

This action is before the Court on review of a second amended complaint filed by Plaintiff Noel Thomas – who is proceeding *pro se* and *in forma pauperis* ("IFP") – on October 11, 2022.[1] (Doc. 15). For the reasons stated herein, the undersigned **RECOMMENDS** Thomas's amended complaint be **DISMISSED without prejudice**.

### I. *Background*

Plaintiff initiated this civil action on January 14, 2022, by filing: (1) a complaint, (2) notice of proposed summons, (3) an IFP motion and (4) a motion requesting appointment of counsel. (Docs. 1, 2, 3, 4). The undersigned looked to Plaintiff's IFP motion first and determined more information was needed to make an informed decision on IFP status. Accordingly, the undersigned instructed Thomas to either (1) pay the statutory filing fee or (2) file an amended IFP motion filling out all

---

[1] The assigned District Judge referred this case to the undersigned Magistrate Judge for appropriate action on all pretrial matters under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (1/18/22 electronic reference).

1

the requisite information. (Doc. 6). Thomas was instructed to do so by no later than February 22, 2022. (*Id.*).

On February 10, 2022, Thomas filed both a response to the Court's order (Doc. 7)[2] and an amended IFP motion (Doc. 8). However, the amended IFP motion remained deficient, as the undersigned explained in an order dated February 25, 2022. (Doc. 9). This order addressed the relevant standards and rules for IFP applications at length and concluded by ordering Thomas to file a second amended IFP motion by March 18, 2022. (Doc. 9, PageID.94-99). Thomas timely filed a second amended IFP motion (Doc. 11) as well as another response to the Court's order. (Doc. 10).[3] On review of the second amended IFP motion, IFP status was granted by order dated March 30, 2022. (Doc. 12). In granting IFP status, the undersigned instructed the Clerk to withhold service of the complaint until review could be conducted pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 12, PageID.112).

On May 31, 2022, Plaintiff filed a motion requesting service of summons and the complaint (Doc. 13), which was denied by order dated September 2, 2022. (Doc. 14).[4] In the Court's order on this date, the undersigned explained that because of Plaintiff had been granted IFP status, service could not be issued until his complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 14, PageID.119). This order

---

[2] Plaintiff's response to the Court's order is best characterized as a letter in which he explains his rationale for why he answered questions on his IFP application the way he did. (*See* Doc. 7).

[3] This filing is also best characterized as a letter. (*See* Doc. 10).

[4] The Court's September 2, 2022, order (Doc. 14) also denied Thomas's outstanding motion for appointment of counsel after determining extraordinary circumstances had not been presented which would warrant the appointment of counsel at that time. (Doc. 4, PageID.128-29).

further articulated the screening process and explained in detail how Plaintiff's complaint was deficient on numerous grounds. (Doc. 14, PageID.122-27). Specifically, the undersigned stated:

> Upon review of the complaint, the Court discovered several defects: (A) Thomas's only detailed claim that invokes original jurisdiction under § 1331 fails to state a claim upon which relief may be granted; (B) the other federal claims that Thomas mentions in passing also fail to state a claim upon which relief may be granted; and (C) Thomas's remaining state law claims lack independent grounds for jurisdiction.

(Doc. 14, PageID.123). The undersigned proceeded to address and explain each of these above-noted deficiencies at length and granted Thomas leave to file an amended complaint addressing those defects by no later than October 7, 2022. (Doc. 14, PageID.1222-28). On October 11, 2022, Thomas filed an untimely "Amended Complaint with Demand for Jury Trial." (Doc. 15). This filing is now subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   *Legal Standards*

After a party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court must screen the underlying complaint for various defects. Specifically, this screening procedure mandates the following:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 12(b)(6) standards apply in determining whether a claim screened under § 1915(e)(2)(B) fails to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.

3

1997). A district court explained the framework for screening a *pro se* complaint under § 1915(e)(2)(B)(ii) as follows:

> Of course, courts hold complaints authored by *pro se* litigants to a less stringent standard, and construe them more liberally than pleadings drafted by attorneys. *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nevertheless, a pro se litigant's complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All litigants, regardless of whether they are proceeding with the aid of counsel or *pro se*, must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, even though a district court must interpret the pleadings of *pro se* litigants more liberally than those drafted by counsel, it "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

*Stone v. Stone*, No. 5:18-CV-867-CLS, 2018 WL 3368978, at *2 (N.D. Ala. July 10, 2018). While pleadings filed by *pro se* litigants are to be construed liberally, they are still required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

### III.   *Analysis*

This section will proceed by briefly addressing Plaintiff's initial complaint (Doc. 1), as the undersigned's original analysis of this filing under 28 U.S.C. § 1915 remains relevant for purposes of analysis of the current amended complaint. (Doc. 15).

   A. *The Initial Complaint (Doc. 1)*

Plaintiff's initial complaint was not a model of clarity. This 56-page filing (including attachments) named three defendants in the case caption – North Carolina

4

Mutual Insurance Company ("NCMLIC"), the Alabama Department of Insurance ("ALDOI") and the North Carolina Department of Insurance ("NCDOI") – and asserted four counts: (1) Conspiracy, (2) Negligence of Duty, (3) Fraud and (4) Breach of Contract. (Doc. 1, PageID.14-19). In the section of Plaintiff's complaint entitled "Jurisdiction and Venue," he asserted the following:

> 1. This action is for claims of fraud, conspiracy, negligence, violations of privacy, equal protection, and due process clauses of the fourteenth amendment of the U.S. Constitution pursuant to 42 U.S.C. 21 section 1983, 42 U.S.C. 21 section 1985, 18 U.S.C. 13 section 241, 18 U.S.C. 47 sections 1030, 1037 and 1038, 18 U.S.C. 63 sections 1341 and 1349 and various Alabama and North Carolina state laws.
> 2. Under the Constitution and laws of the United States, Alabama and North Carolina state laws does this action arise. This court has jurisdiction pursuant to 28 U.S.C. sections 1331, 1332, 1343 and 1367.

(Doc. 1, PageID.2). Construing his complaint liberally, the undersigned found the complaint raised the following potential grounds for relief: "fraud, conspiracy, negligence, violations of privacy, equal protection, and due process clauses of the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. §§ 1030, 1037 and 1038, 18 U.S.C. §§ 1341 and 1349 and various Alabama and North Carolina state laws." (Doc. 14, PageID.119-20). However, on review pursuant 28 U.S.C. § 1915, several defects were discovered, and the undersigned specifically determined that:

> (A) Thomas's only detailed claim that invokes original jurisdiction under § 1331 fails to state a claim upon which relief may be granted; (B) the other federal claims that Thomas mentions in passing also fail to state a claim upon which relief may be granted; and (C) Thomas's remaining

5

> state law claims lack independent grounds for jurisdiction. Each issue is discussed in turn.

(Doc. 14, PageID.123). The undersigned went on to address these findings at length, explaining the complaint's deficiencies and ultimately determining the complaint failed to state any viable claim(s) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 14). As such, the undersigned instructed Thomas to correct the deficiencies noted by the Court and granted leave to amend the complaint by no later than October 7, 2022. (Doc. 14, PageID.127-28).

   B. *The Amended Complaint (Doc. 15)*

Thomas untimely filed the most recent "Amended Complaint with Jury Demand" on October 11, 2022 – four days after his deadline to do so. This amended complaint includes the same four counts for (1) Conspiracy, (2) Negligence of Duty, (3) Fraud and (4) Breach of Contract, and a verbatim recitation of the "Jurisdiction and Venue" section. (*Compare* Doc. 1, PageID.2 *with* Doc.15, PageID.132). However, the case caption now includes six defendants – NCMLIC, ALDOI and NCDOI remain, and Michael Lawrence, CEO of NCMLIC, James Finn and John Hoomani are added.[5]

Despite the title of Thomas's document, his filing is not really an amended complaint at all; rather, it is best characterized as an argumentative response to the Court's September 8, 2022, order – replete with references to that order, to Plaintiff's initial complaint and to the exhibits included with the original complaint (but not attached to the most recent filing). While Plaintiff purports to resolve the deficiencies

---

[5] In the case caption, Thomas includes "James Finn, ALDOI, CID" and "John Hoomani, NCDOI, GC." (Doc. 15, PageID.131). However, the case caption is the only mention of these two individuals in Plaintiff's filing.

6

of his original complaint by way of this filing, he has failed to do so. For example, instead of re-styling the allegations of his complaint to conform to the Court's instructions, Thomas makes a self-styled "Argument in Support of Jurisdiction," which attempts to explain why Plaintiff is right, and the Court was wrong in finding that jurisdiction was not properly alleged in his initial complaint. (Doc. 15, PageID.133-34). Not only has he failed to establish this Court's jurisdiction in both instances, but he has also failed to comply with the Court's instruction to resolve those deficiencies.

Construed liberally, Thomas's "amended complaint" raises the same grounds for relief as his original complaint: fraud, conspiracy, negligence, violations of privacy, equal protection, and due process clauses of the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. §§ 1030, 1037 and 1038, 18 U.S.C. §§ 1341 and 1349 and various Alabama and North Carolina state laws. However, Thomas's most recent filing provides no new justification or basis for the undersigned to reverse its prior interpretations. As such, the undersigned incorporates its prior position here.

> Upon review of the complaint, the Court discovered several defects: (A) Thomas's only detailed claim that invokes original jurisdiction under § 1331 fails to state a claim upon which relief may be granted; (B) the other federal claims that Thomas mentions in passing also fail to state a claim upon which relief may be granted; and (C) Thomas's remaining state law claims lack independent grounds for jurisdiction.

(*See* Doc. 14, PageID.123).[6]

---

[6] Additionally, since ordering Thomas to re-file his complaint on September 2, 2022, the undersigned has learned that Plaintiff's claims against NCMLIC and Michael Lawrence for civil conspiracy, negligence, fraud and breach of contract have already been litigated in the Hillsborough County Small Claims Court, where final judgment was entered by Judge Miriam Valkenburg against Thomas for

## IV. *Conclusion*

Upon consideration, and for the reasons articulated herein, the undersigned **RECOMMENDS** that Plaintiff Noel Thomas's amended complaint dated October 11, 2022 (Doc. 15), be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of March 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

civil conspiracy, negligence and fraud, and in favor of Thomas for breach of contract. *See Thomas v. North Carolina Mutual Life Insurance Company*, No. 20-CC-043897 (Fla. May 4, 2021). This final judgment was affirmed by the Florida District Court of Appeals. *See Thomas v. N.C. Mut. Life Ins. Co.*, 330 So. 3d 535 (Fla. Dist. Ct. App. 2021) (per curiam) (affirming final judgment). Accordingly, each of Thomas's present claims for (1) Conspiracy, (2) Negligence of Duty, (3) Fraud and (4) Breach of Contract against NCMLIC and Lawrence are also barred from review under the doctrine of collateral estoppel. *See Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate "if the district court sees that an affirmative defense would defeat the action.").